Filed 2/27/23  P. v. Washington CA1/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH NOLAN WASHINGTON,<br><br>    Defendant and Appellant. | A158017<br><br><br>(Alameda County<br>Super. Ct. No. H53084A) |

Isaiah Nolan Washington appeals from the denial of his petitions for resentencing (Pen. Code, former § 1170.95),[1] which he filed in propria persona.  Section 1172.6 provides for resentencing of individuals convicted of murder under a felony murder or natural and probable consequences theory if they could no longer be convicted of murder under January 1, 2019 amendments to the Penal Code.  The case returns to this court following the California Supreme Court's grant of review and subsequent transfer order.  Having complied with our high court's order directing us to vacate the previously issued opinion and to reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and *People v. Strong* (2022) 13 Cal.5th 698

---

[1] All undesignated statutory references are to the Penal Code.  As of June 30, 2022, former section 1170.95 was renumbered to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We hereafter refer to current code section 1172.6.

1

(*Strong*), we agree with Washington that the trial court erred by summarily denying his petitions without appointing counsel. Nonetheless, we affirm because Washington suffered no prejudice. Even after *Strong, supra,* 13 Cal.5th 698, Washington remains ineligible for resentencing as a matter of law.

## BACKGROUND

### A.

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as malice aforethought. (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).) Until 2019, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun, supra,* at p. 1182.) Under a separate rule known as the natural and probable consequences doctrine, a person who knowingly aids and abets criminal conduct is guilty of not only the intended crime but also of any other crime the perpetrator actually commits that is a natural and probable consequence of the intended crime. (*People v. Chiu* (2014) 59 Cal.4th 155, 161, superseded by statute as stated in *Lewis, supra,* 11 Cal.5th at pp. 958-959 & fn. 3.)

Senate Bill No. 1437 ((2017-2018 Reg. Sess.), Stats. 2018, ch. 1015) (Senate Bill 1437), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under these theories. (See Stats. 2018, ch. 1015, § 1.) Senate Bill 1437 amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The bill also amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and

"aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3; accord, *Strong, supra*, 13 Cal.5th at pp. 707-708.)

Senate Bill 1437 also added section 1170.95 (now section 1172.6), which provides a procedural mechanism for those convicted under the former law to seek retroactive relief. (§ 1172.6, added by Stats. 2018, ch. 1015, § 4 and renumbered from section 1170.95 by Stats. 2022, ch. 58, § 10; *Strong, supra*, 13 Cal.5th at p. 708.) Such an individual may file a resentencing petition if three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a); accord, *Lewis, supra*, 11 Cal.5th at pp. 959-960.) The petition must include a declaration stating the petitioner is eligible for relief based on the above requirements; the case number and year of conviction; and whether the petitioner requests the appointment of counsel. (§ 1172.6, subd. (b).)

If the petitioner has complied with these requirements, the trial court must appoint counsel (if requested), receive briefing from the parties, and then determine whether the petitioner has made a "prima facie case for relief." (§ 1172.6, subds. (b)(3), (c);

3

*Lewis, supra*, 11 Cal.5th at pp. 960, 966.)  If so, then the court must issue an order to show cause and hold an evidentiary hearing—where the burden is on the prosecution to prove (beyond a reasonable doubt) that the petitioner is ineligible for relief because they are guilty of murder under the law as amended by Senate Bill 1437.  (§ 1172.6, subds. (c)-(d); *Strong, supra*, 13 Cal.5th at p. 709; *Lewis, supra*, 11 Cal.5th at p. 960.)  On the other hand, if the petition and record of conviction establish conclusively that the petitioner is ineligible for relief, the trial court may dismiss the petition.  (See § 1172.6, subd. (c); *Lewis*, at pp. 970–972.)

## B.

Washington's criminal case arose from a May 2010 incident in Hayward, California, that left two victims dead from multiple gunshot wounds.  One of the murder victims, who died shortly after police arrived at the scene, told the police, " 'They shot me and took my money.' "  A third (attempted murder) victim managed to escape and was the primary witness at trial.

The attempted murder victim testified that both Washington and his co-defendant held the murder weapon at different points of the robbery.  When the co-defendant " 'end[ed] up' " with the gun, the attempted murder victim heard gunshots a " 'few seconds' " later but was looking at the murder victims when they were shot.  At trial, the attempted murder victim testified on direct and on Washington's cross-examination that Washington's co-defendant was the last person holding the gun before the gunshots.  But on the co-defendant's cross-examination she said she did not know who had the gun and admitted testifying at the preliminary hearing that Washington had the gun before she heard the gunshots.

In December 2012, the District Attorney of Alameda County filed an information charging Washington and his co-defendant with two counts of murder (§ 187, subd. (a)), and one

4

count of attempted murder (§§ 187, subd. (a), 664, subd. (a)). Washington was also charged with possession of a firearm by a felon (former § 12021.1).

The information alleged as special circumstances that Washington and his co-defendant committed more than one murder (§ 190.2, subd. (a)(3)) and that they committed the murders while committing a robbery (§ 190.2, subd. (a)(17)(A)). Regarding the murder and attempted murder counts, the information alleged Washington and his co-defendant personally used firearms (§§ 12022.5, subd. (a), 12022.53, subds. (b), (g)).

In March 2015, a jury convicted Washington and his co-defendant on all counts. The jury found the two murder counts were of the first degree. For each count of murder, the jury found true the special circumstance that Washington and his co-defendant committed the murder while they were engaged in the commission of robbery within the meaning of section 190.2, subdivision (a)(17)(A). The jury also found true the firearm use allegations and that Washington and his co-defendant committed multiple murders within the meaning of section 190.2, subdivision (a)(3).

In September 2015, the trial court sentenced Washington to prison for two terms of life without the possibility of parole. The court imposed concurrent sentences for attempted murder and illegal firearm possession. On appeal, a different panel of this court affirmed the judgment as to Washington. (*People v. Washington* (Nov. 9, 2018, A146433) [nonpub. opn.].)

## C.

After the enactment of former section 1170.95, Washington filed two identical petitions for resentencing. Each of his petitions included a declaration stating that Washington was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine,

and he could not now be convicted of first or second degree murder because of the recent amendments to sections 188 and 189. In addition, his declaration stated: "I was not the actual killer"; "I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and "I was not a major participant in the felony **or** I did not act with reckless indifference to human life during the course of the crime or felony." Washington also requested the appointment of counsel.

Without appointing counsel to represent Washington or receiving briefs from the parties, the trial court took judicial notice of its own records (as well as this division's November 9, 2018 opinion in Washington's direct appeal) and denied the petitions.[2] The court concluded that Washington is ineligible for resentencing as a matter of law because, at a minimum, in finding the robbery-murder special circumstance allegation true, the jury found that "petitioner acted with reckless indifference to human life *and* was a major participant in the robberies which resulted in the death of two people."

## D.

Washington appealed from the trial court's summary denial. Agreeing with the trial court that the jury's robbery-murder special circumstance finding (§ 190.2, subd. (a)(17)(A)) established Washington's ineligibility for resentencing as a matter of law, this court affirmed the order in an unpublished opinion, *People v. Washington* (March 23, 2020, A158017), review granted June 17, 2020, S261782, judg. vacated and cause remanded Nov. 16, 2022.

---

[2] At the People's request, we take judicial notice of the record filed in Washington's direct appeal (A146433). (See Evid. Code §§ 452, subd. (d), 459, subd. (a); *Lewis, supra,* 11 Cal.5th at pp. 970-972.)

The California Supreme Court granted review (June 17, 2020, S261782) and deferred further action pending consideration and disposition of related issues in *Lewis, supra*, 11 Cal.5th 952 and *Strong, supra*, 13 Cal.5th 698.  After the Court decided *Lewis* and *Strong*, it transferred this case back to this division, directing us to vacate the prior decision and to reconsider the cause considering *Lewis* and *Strong*.  Washington and the Attorney General filed supplemental briefing.

## DISCUSSION

### A.

Our Supreme Court's decisions in *Strong* and *Lewis* contain four key holdings relevant to this appeal.  First, *Lewis* holds that a petitioner who has filed a facially sufficient petition under section 1172.6 is entitled to appointment of counsel before the issue is briefed and the trial court determines whether the petitioner has established a prima facie case of eligibility for resentencing.  (*Lewis, supra*, 11 Cal.5th at pp. 966, 970.)  Second, *Lewis* holds that in assessing whether the petitioner has made out a prima facie case, the court may consider the record of conviction (after the appointment of counsel) and may deny an evidentiary hearing if the record contains facts refuting the petitioner's allegations.  (*Id*. at pp. 970-972.)  Third, *Lewis* concludes that where a petitioner is denied the assistance of counsel for a section 1172.6 petition, that deprivation is a state law violation that is reviewed for harmless error under the test in *People v. Watson* (1956) 46 Cal.2d 818, 836.  (*Lewis, supra*, at pp. 972-974.)  Under that test, the petitioner bears the burden to show that it is reasonably probable that, had counsel been appointed, their petition would not have been summarily denied without an evidentiary hearing.  (*Id*. at p. 974.)

Finally, *Strong* holds that prior felony-murder special circumstance findings–that a defendant was a major participant who acted with reckless indifference to human life–precludes that

7

same defendant from establishing eligibility for resentencing under section 1172.6 *only if* the prior jury finding was made *after* our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (*Strong, supra*, 13 Cal.5th at pp. 710, 714-721.) Because *Banks* and *Clark* significantly clarified what it means to be a "major participant" and to "act with reckless indifference to human life" during the commission of a felony (*Banks, supra*, 61 Cal.4th at pp. 794, 800, 802-803; *Clark, supra*, 63 Cal.4th at pp. 614, 618-622), jury findings made before those decisions warrant reexamination because they are not conclusive on the question of whether the petitioner could be convicted of murder after Senate Bill 1437. (*Strong, supra*, at pp. 710-712, 716-718.)

## B.

Washington contends that the trial court erred in denying his petitions without first appointing counsel. We agree that this was error. (*Lewis, supra*, 11 Cal.5th at pp. 966, 970.) However, we conclude that the error is harmless because, as we explain below, Washington cannot meet his burden to show that it is reasonably probable that, had he been afforded counsel, his petitions would not have been summarily denied without an evidentiary hearing. (*Id.* at p. 974.)

Washington was prosecuted for first-degree murder under an alternative felony murder theory. The jury was instructed on both premeditated first degree murder and felony murder, the prosecution relied on the latter theory in its closing argument, and the verdict forms finding Washington guilty of two counts of first degree murder do not rule out a felony murder theory.

We agree with the parties that *Strong* makes clear that implicit "major participant" and "reckless indifference" findings made before *Banks* and *Clark* were decided—like those in this case—do not bar resentencing as a matter of law. (*Strong, supra*, 13 Cal.5th at pp. 703, 714-720.) However, the People argue that

any error was harmless because the jury also made special circumstances findings that Washington was either the actual killer or an aider or abettor who acted with intent to kill. The *Strong* court stated that similar findings will ordinarily be dispositive in the section 1172.6 context. (*Strong, supra*, 13 Cal.5th at pp. 714-715.)

Here, the jury found true a multiple-murder special circumstance allegation (§ 190.2, subd. (a)(3)). Furthermore, the jury was correctly instructed that, to find the multiple-murder special circumstance true, the People were required to prove beyond a reasonable doubt that Washington either (1) was the actual killer or (2) aided and abetted the commission of first-degree murder with the intent to kill. (§ 190.2, subds. (a)(3), (b), (c); *People v. Nunez and Satele* (2013) 57 Cal.4th 1, 45.)

We agree with the People that the jury's true finding on the multiple-murder special circumstance, under section 190.2, subdivision (a)(3), necessarily amounted to a finding that Washington was either the actual killer or acted with intent to kill in aiding and abetting first degree murder. This makes Washington ineligible for resentencing as a matter of law because he could still be convicted of murder despite the 2019 changes to sections 188 and 189. (See §§ 188, subd. (a)(3), 189, subd. (e), 1172.6, subd. (a)(3); cf. *Strong, supra*, 13 Cal.5th at pp. 703, 707-708, 710; *id.* at p. 715 [special circumstance findings that require proof of intent to kill conclusively establish resentencing ineligibility].)

Washington only argues that the multiple-murder special circumstance finding is not determinative because "[t]he defendant in [*Strong, supra,* 13 Cal.5th at p. 704] was also convicted of a multiple murder special circumstance." However, *Strong* does not assist Washington because the significance of the multiple-murder special circumstance finding was not addressed in that case. (*People v. Harris* (1989) 47 Cal.3d 1047, 1071 ["a

decision does not stand for a proposition not considered by the court"].)

Section 1172.6 was not intended to allow wholesale relitigation of factual questions already settled by a previous jury. (*Strong, supra*, 13 Cal.5th at p. 715.) Thus, the trial court's error in denying Washington's petitions without appointing counsel was harmless. We need not reach any additional arguments.

## DISPOSITION

The previously filed unpublished opinion, *People v. Washington* (March 23, 2020, A158017), is vacated. The order denying Washington's petitions for resentencing is affirmed.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

SIMONS, J.

A158017

11